**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Micah Austin Goodale,<br><br>　　　　　Defendant. | No. CR-24-50164-PHX-JJT |

Defendant Micah Austin Goodale has filed a Motion for Early Termination of Supervised Release (Doc. 3), to which the Government has filed a Response in opposition (Doc. 8). The Court has considered the Motion, Response and all supporting materials submitted. No party has requested oral argument on the Motion, and the Court concludes such would not assist in deciding the Motion. LR Civ 7.2(f).

Defendant was convicted of violating 18 U.S.C. § 2261(A)(2)(B)—Cyber stalking in the United States District Court for the District of Hawaii. Presiding Judge Seabright sentenced Defendant to three years imprisonment, followed by 36 months supervised release. Defendant served his prison term and began his term of supervised release on December 1, 2022, eventually transferring his supervision to this Court. His term of supervision is scheduled to end on December 1, 2025—approximately 8 months from now.

In his Motion, Defendant cites three concerns motivating his request: 1) he wishes to marry his significant other, but the two "have mutually decided to hold off on marriage until Mr. Goodale is off probation"; 2) Defendant and his significant other also have

"placed on hold starting a business together or achieving their travel goals" because of the restrictions imposed during supervised release; and 3) while supervision is pending, Defendant "is unable to take certain employment opportunities." (Doc. 3 at 7.) In support of his Motion, Defendant argues that he has served his complete sentence of imprisonment; he has completed over 2 years of supervision without issue and has complied with all requirements of that supervision; he has addressed mental health and other issues that underlay his offense, to include counseling, medication, and other treatments; he has benefitted from the stability of a strong and loving family support network, to include his significant other; he has been gainfully engaged in work and service; and he has, through introspection and his own efforts, engaged in working on himself to be a better person. Defendant concludes that, as a result of all of these efforts and accomplishments, he is at a point where supervision no longer serves a purpose, and therefore should be terminated.

The Court acknowledges Defendant's substantial progress. His current supervising probation officer confirms that Defendant is in full compliance with his terms of supervision and has not had problems. For this, the Court commends him, observing that many defendants under supervision cannot make the same claims. But that is also to say that Defendant is merely doing what is required of him under the judgment and sentence he received. And simply meeting the requirements of one's conditions of supervision will not, by itself, justify an early termination.

Rather, the Court must evaluate the factors set forth in 18 U.S.C. §§ 3553(a) and 3583, which address the purposes of both sentencing and supervision. In so doing, this Court observes that the sentencing judge in this matter imposed a sentence that, considering all its features and terms, was required to balance all of the sentencing factors, to include the need to protect the community from future offenses by the Defendant. And while Judge Seabright considered all of the 3553(a) factors, the Court emphasizes this factor because of the particularly disturbing nature of the facts surrounding the instant offense, which reflected threats, cruelty and a disregard or indifference to the rights of others. And once he had considered and balanced all of the factors, Judge Seabright was mandated by law to

exercise restraint and impose a sentence that was not greater than necessary to vindicate all of those factors as he had balanced them. That required him to impose no more time in custody than was necessary to balance those factors, where he was able to conclude other terms of the sentence could address the risk of safety. This Court has no trouble concluding that those other terms principally included the 36-month term of supervision which required observation of conditions that would both restrict Defendant from some activities and mandate others in service of community protection. The sentencing court having balanced these factors to minimize the necessary amount of incarceration with a fixed term of supervision that lessened restriction on Defendant's freedom but still contained conditions to promote safety, this Court will not overturn Judge Seabright's calculus without a good reason.

The Court does not find that the concerns defendant lists as motivating his request to provide that good reason. While the Court certainly can understand Defendant's and his significant other's desire to marry, it does not comprehend why supervision would serve as any impediment to taking that step. And while Defendant asserts he is "unable to take certain employment opportunities" during supervision, he fails to specify what any of those opportunities are, or why supervision would preclude them; thus, the Court is unable to evaluate the merits of that argument. Similarly, the Court does not see how Defendant's status on supervision impacts his ability to take preliminary steps to start a business presents any hurdles that will not exist after he is off of supervision. Finally, Defendant's desire to achieve his travel goals with his significant other does not justify early termination. For all of these reasons,

**IT IS ORDERED** denying Defendant's Motion for Early Termination of Supervision (Doc. 3).

Dated this 24th day of March, 2025.

Honorable John J. Tuchi
United States District Judge

- 3 -